**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**MARCO THONY CADEJUSTE**,

**Plaintiff,**

**v.** **Case No. 4:26-cv-373-TKW-MAF**

**COLOMB, et al.**

**Defendants**.
______________________________/

**ORDER**

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 4) and Plaintiff's objection (Doc. 5). The Court reviewed the issues raised in the objection de novo, and based on that review, the Court agrees with the magistrate judge's determination that this case should be dismissed based on Plaintiff's failure to fully disclose his litigation history. *See McNair v. Johnson*, 141 F.4th 1301, 1308 (11th Cir. 2025).

The Court did not overlook that Plaintiff's assertion that he was "confused" by the questions on the civil rights complaint form and that his failure to disclose certain cases "was not done in bad faith." That argument is not persuasive because Plaintiff is a frequent litigant in federal court and the questions on the civil rights complaint form are "clear and unambiguous and do[] not require a legal education to understand." *Merritt v. Dep't of Corr.*, 2020 WL 6703794, at *1 (N.D. Fla. Nov.

13, 2020); *see also Kendrick v. Sec'y, Fla. Dep't of Corr.*, 2022 WL 2388425 (11th Cir. July 1, 2022) (affirming dismissal of inmate's suit for failure to fully disclose his litigation history and rejecting inmate's argument that the litigation history questions on the civil rights complaint form were confusing). Moreover, even if Plaintiff is correct that the three cases cited by the magistrate judge as examples of his omitted cases related to a prior conviction, not his current conviction, Question C is broad enough to encompass those cases and the complaint form advised Plaintiff to "err on the side of caution if [he is] uncertain whether a case should be identified."

Accordingly, it is ORDERED that:

1. The Report and Recommendation is adopted and incorporated by reference into this Order.

2. This case is DISMISSED without prejudice under the Court's inherent authority based on Plaintiff's failure to fully disclose his litigation history.

3. The Clerk shall enter judgment in accordance with this Order and close the case file.

**DONE and ORDERED** this 31st day of August, 2026.

**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**